# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AHMAD J. COLEMAN,** | : | |
| *Plaintiff,* | : | |
| v. | : | Case No. 2:21-cv-1251-JDW |
| **PARKING VIOLATIONS BRANCH,** *et al.* | : | |
| *Defendant.* | : | |

## MEMORANDUM

Ahmad Coleman got a $51 parking ticket for parking his car in a crosswalk. He wants more than $330 million in damages from the Philadelphia Parking Authority for PPA's efforts to collect on the ticket. In a *pro se* complaint, Mr. Coleman asserts claims under the Fair Debt Collection Practices Act, the Truth In Lending Act, and the Sherman Antitrust Act, but his Complaint does not state a viable claim, for several reasons. Because nothing Mr. Coleman could do would cure the flaws in his Complaint, the Court will dismiss his claims with prejudice.

## I.   BACKGROUND

On December 2, 2020, Mr. Coleman got a parking ticket for parking his car in a crosswalk on the 1300 block of North 16th Street in Philadelphia. The ticket was for $51. He did not pay, so on February 18, 2021, the Philadelphia Parking Authority sent Mr. Coleman a "Notice Of Potential Booting And Towing," which imposed an additional $65 in penalties and fees, meaning Mr. Coleman owed $116.

On March 8, 2021, Mr. Coleman prepared a notarized letter, arguing that PPA violated several provisions in the FDCPA and the Sherman Antitrust Act. Mr.

Coleman sent his letter to PPA with an invoice, also dated March 8, 2021, for $110,010,000 in damages for the violations that he asserted. When PPA did not immediately pay his invoice, Mr. Coleman filed this action four days later, on March 12, 2021. His *pro se* Complaint named the PPA's Parking Violations Branch and the PPA itself as defendants.

On April 26, 2021, Mr. Coleman filed an Amended Complaint, adding the Commonwealth of Pennsylvania as a defendant. In his Amended Complaint, Mr. Coleman references provisions of the FDCPA, TILA, and the Sherman Act. He claims that when PPA issued him a ticket, it and the Commonwealth of Pennsylvania became "debt collectors. . .in direct violation of the FDCPA by using False [sic], unfair, misleading, and deceptive means to collect this alleged debt." (ECF No. 6 at 9). He also claims that PPA never had consent to contact him and is in violation of TILA, and he charges PPA with identity theft. Additionally, Mr. Coleman alleges an unspecified violation of the Sherman Act.

The Commonwealth moved to dismiss for lack of jurisdiction and failure to state a claim upon which relief could be granted. PPA moved to dismiss the Amended Complaint for failure to state a claim. Mr. Coleman filed a response on June 3, 2021, which he characterizes as a "Motion to Deny" PPA's Motion. His response does not address the Commonwealth's sovereign immunity arguments. Nor does he make any substantive arguments about the merits of his claims. He just points to his notarized letter as a basis for his claims without any analysis of their viability.

2

## II. STANDARD OF REVIEW

A court may dismiss a complaint if it fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). The Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Coleman is proceeding *pro se*, the Court must construe his allegations liberally. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

A court may also dismiss a complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). A motion under Rule 12(b)(1) can present a factual or facial challenge to the district court's subject matter jurisdiction. *See Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). When reviewing a facial attack, a court must only consider the allegations or documents referenced in the complaint in the light most favorable to the plaintiff. *See id.*

District courts may dismiss a complaint with prejudice when leave to amend would be futile. "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). A district court may apply the same standard of sufficiency as found in Rule 12(b)(6) and Rule 9(b). *Id.* at 1434-35. Amendment of the current complaint would be futile because of a failure to state a claim upon which relief can be granted. Furthermore, amendment would be futile under the standard for pleading with particularity for "fraud and mistake" in Rule 9(b).

## III. DISCUSSION

### A. Sovereign Immunity

The Eleventh Amendment grants states immunity from suit in federal courts. *See* U.S. Const. amend. XI. "[T]he Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 n.2 (3d Cir. 1996). The Commonwealth is a state, and it has not waived its immunity. Nor has Congress abrogated its immunity. Mr. Coleman does not argue otherwise. The Court will therefore dismiss the claims against the Commonwealth with prejudice.

### B. Failure to State a Claim

#### 1. FDCPA

"To state a claim under the FDCPA, a plaintiff must establish that: (1) he or she is a consumer who was harmed by violations of the FDCPA; (2) that the 'debt' arose out of a transaction entered into primarily for personal, family, or household purposes; (3) that the defendant collecting the debt is a 'debt collector,' and (4) that the defendant violated, by act or omission, a provision of the FDCPA." *Pressley v. Capital One*, 415 F. Supp. 3d 509, 512-13 (E.D. Pa. 2019) (quoting *Johns v. Northland Grp., Inc.*, 76 F. Supp. 3d 590, 597 (E.D. Pa. 2014)). Mr. Coleman's FDCPA claim fails for at least two reasons.

*First*, Mr. Coleman's debt to PPA was not a "transaction." Congress's use of the term "transaction" demonstrates that Congress intended the FDCPA to apply only to consensual matters, which will almost always arise from an express or implied

contract. "[A] fine does not stem from a consensual transaction and thus is not a debt under the FDCPA." *Gulley v. Markoff & Krasny*, 664 F.3d 1073, 1075 (7th Cir. 2011).

*Second*, PPA is not a "debt collector" under the FDCPA. The statute defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due **another**." 15 U.S.C. § 1692a(6) (emphasis added). PPA is not a "business," its principal purpose is not the collection of debts, and it attempts to collect its own debts, not the debts of someone else. It therefore does not qualify as a debt collector.

Because Mr. Coleman has not pled either of these elements of an FDCPA claim, the Court need not determine whether PPA's conduct violated any provision of the FDCPA. In addition, because Mr. Coleman cannot cure these failings by amending his pleading, the Court will dismiss the FDCPA claims with prejudice.

### 2. TILA

TILA regulates "the relationship between lenders and consumers ... by requiring certain disclosures regarding loan terms and arrangements." *McCutcheon v. America's Servicing Co.*, 560 F.3d 143, 147 (3d Cir.2009); *see also Chase Bank USA, N.A. v. McCoy*, 562 U.S. 195, 198, 131 S.Ct. 871, 178 L.Ed.2d 716 (2011) ("Congress passed TILA to promote consumers' informed use of credit by requiring meaningful disclosure of credit terms...."). PPA did not lend to Mr. Coleman. TILA therefore does not apply to PPA's effort to collect on the ticket it issued to him. Mr. Coleman cannot

5

cure that failure by amending his complaint, so the Court will dismiss his TILA claims with prejudice.

### 3. Sherman Act

To prevail on claims arising under 15 U.S.C. §1, a plaintiff must allege (1) an agreement (2) to restrain trade unreasonably." *Lifewatch Serv., Inc. v. Highmark, Inc.* 902 F.3d 323, 331-32 (3d Cir. 2018). The ticket that PPA issued to Mr. Coleman was not "trade;" it was the exercise of the government's police power. It is therefore outside the scope of conduct that the Sherman Act regulates. Mr. Coleman cannot cure that failing with an amended pleading. The Court will therefore dismiss his Sherman Act claim with prejudice.

## IV. CONCLUSION

Mr. Coleman has not stated a viable claim against the Commonwealth or the PPA. He cannot fix the flaws with an amended complaint because they are not fixable. The Court will therefore dismiss his claims with prejudice. An appropriate Order follows.

BY THE COURT:

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

June 4, 2021